UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| DANIEL JAMES SILVA, | ) | CASE NO. 3:21-cv-689 |
| --- | --- | --- |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| MARVIN E. ASPEN, et al., | ) | |
| DEFENDANTS. | ) | |

Before the Court[1] is the application of plaintiff Daniel James Silva ("Silva") application to proceed with this matter in forma pauperis. (Doc. No. 2.) For the reasons that follow, Silva's application to proceed in forma pauperis is denied. Silva shall pay the filing fee to proceed with this matter no later than May 13, 2022. If the filing fee is not paid, this action will be dismissed.

## BACKGROUND

Silva names six defendants in his amended complaint. (Doc. No. 5.) All of the defendants are federal judges who have presided over some of the numerous cases brought by Silva against Taylor Swift and her associates, as detailed below. In his six-count amended complaint, Silva claims that each defendant judge violated his civil rights for reasons related to their rulings and management of Silva's cases before them. (*See* Doc. No. 5 at 10–12.[2])

---

[1] This matter was transferred to the undersigned pursuant to an order of transfer entered on January 3, 2022. (Doc. No. 8, 9.)

[2] All references to page numbers are to the page numbers assigned to each individual document by the Court's electronic filing system.

## A. Silva's Litigation History against Ms. Swift

Relevant to the Court's consideration of Silva's application to proceed in forma pauperis is his litigation history in the Middle and Northern Districts of Florida and the Middle District of Tennessee. Silva has filed 17 lawsuits (including the instant action) between 2017 and 2021 in federal court in the Northern and Middle Districts of Florida, and in the Middle District of Tennessee. All of Silva's lawsuits are related to, or an outgrowth of, litigation concerning Taylor Swift, her management company, her lawyer, and other individuals and entities connected with Ms. Swift. All of Silva's lawsuits lacked merit and all were dismissed by the court or Silva himself, and may be summarized as follows.[3]

### Middle District of Florida

1. 3:17-cv-292 *Silva v. Swift* (Trademark Infringement) filed on 3/3/2017 (case dismissed without prejudice on 7/13/2017 when Silva filed a motion to dismiss in response to an order to show cause why the case should not be dismissed for failure to prosecute).

2. 3:17-cv-814 *Silva v. Swift* (Civil Rights) filed on 7/17/2017 (case dismissed on 5/1/2018 when the court overruled Silva's 160-page objection and adopted the recommendation of the magistrate judge that Silva's motion to proceed in forma pauperis be denied and the second amended complaint be dismissed as frivolous and for failure to state a claim (*See* Doc. Nos. 9, 13)).

3. 3:18-cv-688 *Silva v. TAS Rights Management, LLC* (Trademark Infringement) filed on 5/25/2018 (filing fee paid) (case closed on 10/4/2018 when court granted Silvan's motion for a stay after defendant sought and received a protective order;[4] after the case was closed, the court granted defendant's motion for sanctions and dismissal of the case with prejudice (Doc. No. 66);[5] Silva filed an appeal and paid

---

[3] All cases were filed by Silva with an application to proceed in forma pauperis unless otherwise noted.

[4] In the protective order, plaintiff was ordered not to communicate with defendant or affiliated companies, agents or related individuals and, if such communication was necessary, contact shall only be made in writing through defendant's counsel, and any communications "shall not contain any inappropriate statements, threats of any kind, or insults[,]" and plaintiff was warned that violation of the court's order "may lead to sanctions such as his pleadings being stricken, and imposition of monetary penalties, or this action being dismissed with prejudice." (*See* Doc. No. 34.)

[5] In granting defendant's motion for sanctions, the court found that Silva had "willfully and egregiously"

the filing fee, but the appeal was dismissed for want of prosecution (Doc. Nos. 67, 69); Silva later moved the district court for injunctive relief on 11/16/2020 which the court summarily denied (Doc. Nos. 70, 72)).

4. 3:19-cv-354[6] *Silva v. TAS Rights Management, LLC* (Trademark Infringement) filed on 2/27/2019 (filing fee paid) (case terminated on 5/13/2019 when the court granted defendant's motion to dismiss for failure to state a claim upon which relief may be granted, but, although finding that "plaintiff's communications with defendant's counsel have been harassing and threatening," the court declined to declare plaintiff a vexatious litigator (Doc. No. 33)).

5. 3:20-cv-1343 *Silva v. Swift, et al.* (Civil Rights) filed 11/27/2020 (this case was terminated on 12/4/2020 when the court dismissed the case with prejudice, finding that the action "continues Silva's well-established pattern of frivolous litigation [and,] . . . [i]n light of Silva's history of vexatious litigation and because the claims asserted in the instant Complaint are barred by the June 18, 2020 Injunction Order [issued in N.D. Fla. Case No. 4:19-cv-286 (Doc. No. 118)] and the doctrine of absolute judicial immunity" (Doc. No. 7)).

**Northern District of Florida**

1. 4:19-cv-286 *Silva v. Swift, et al.* (Trademark Infringement) filed 6/21/2019 (fee paid) (case terminated on 6/18/2020 when court granted defendants' motion to dismiss for failure to state a claim granted and enjoined Silva from filing another lawsuit against defendants unless signed by an attorney (Doc. No. 118[7])).

2. 4:19-cv-290 *Silva v. Baldridge, et al.* (Civil Rights) filed 6/21/2019 (case terminated on 12/18/2019 upon plaintiff's motion for voluntary dismissal following report and recommendation that Silva's amended complaint be dismissed for failure to state a claim and because the claims against Taylor Swift

---

violated the court's order and the case was dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). (*See* Doc. No. 66.)

[6] This case was originally filed as 6:19-cv-384 Silva v. TAS Rights Management LLC (Trademark Infringement) filed 2/27/2019 (filing fee paid) in the Orlando Division, and then transferred to the Jacksonville Division where it was assigned Case No. 2:19-cv-354.

[7] Silva was enjoined by the court as follows:

> The plaintiff Daniel James Sivla must not file any lawsuit, petition, motion, or other claim against the defendants Taylor Alison Swift, TAS Rights Management LLC, or James Douglas Baldridge, *in any court*, unless the complaint initiating the lawsuit, petition, motion, or other claims, is signed by an attorney. This injunction does not preclude Mr. Silva from filing an appeal in this Case No. 4:19cv286 and does not preclude Mr. Silva from filing a motion in this Case No. 4:19cv286 for relief from this injunction.

(Doc. No. 118 at 4 (emphasis added).)

3

and her management company, TAS Rights Management, are barred by res judicata (Doc. No. 29)).

3. 4:21-cv-24 *Silva v. Venable LLP, et al.* (Civil Rights) filed 1/13/2021 (cased terminated on 5/11/2021 for failure to prosecute and comply with the court's order after plaintiff's motion to proceed in forma pauperis was denied and he thereafter failed to pay the filing fee as ordered by the court (Doc. No. 31)).

4. 4:21-cv-49 *Silva v. Swift, et al.* (Civil Rights) filed 1/25/2021 (case terminated on 3/12/2021 overruling plaintiff's objections and adopting the report and recommendation dismissing the action without prejudice (Doc. No. 14)).

5. 4:21-cv-95 *Silva v. Hinkle, et al.* (Civil Rights (racketeer/corrupt organization)) filed 2/16/2021 (case terminated on 4/1/2021 pursuant to Silva's voluntary dismissal following report and recommendation recommending the case be dismissed with prejudice as frivolous (Doc. No. 10)).

6. 4:21-cv-134 *Silva v. Rose et al.* (Civil Rights) filed 3/15/2021 (case terminated on 4/1/2021 pursuant to plaintiff's voluntary dismissal after report and recommendation recommending that plaintiff's motion proceed in forma pauperis be denied and case be dismissed for lack of venue (Doc. No. 6)).

**Middle District of Tennessee**

1. 3:20-cv-810 *Silva v. Swift, et al.* (Civil Rights) filed 9/17/2020 (case dismissed on 10/21/20 after motion to proceed in forma pauperis denied, Silva paid the filing fee, and case was dismissed for failure to follow the court's orders and pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction over Silva's 70-page second amended complaint described as raising "patently frivolous" claims concerning Silva's "dissatisfaction with the consequences of the intervention by law enforcement in [Silva's] attempt to make a 'citizen's arrest' of musician Taylor Swift at a Nashville residence." (Doc. No. 14[8])).

2. 3:20-cv-938 *Silva v. Mullen, et al.* (Civil Rights) filed 10/28/2020 (case dismissed on 11/10/2022 pursuant to 28 U.S.C. § 1915(e)(2)(B) (Doc. Nos. 4, 5)).

3. 3:21-cv-480 *Silva v. 13 Management, et al.* (RICO) filed 6/22/2021 (case dismissed 7/22/2021 for including Taylor Swift as a defendant in the amended complaint in violation of injunction issued on June 18, 2020 in N.D. Fla. Case No. 4:19-cv-286 (Doc. No. 10)).

---

[8] In dismissing the case, the court expressed concern that Silva's behavior "is part of a trend of harassment" against Taylor Swift in federal court in Florida, including violation of a federal court order regarding Silva's contact with Ms. Swift, and instructed the Clerk to forward certain documents from the case to the United States District Attorney in the Middle District of Tennessee. (Doc. No. 14 at 3.)

4

4. 3:21-cv-505 *Silva v. Swift, et al.* (Civil Rights) filed 7/1/2021 (case dismissed 8/26/2021 upon review pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted (Doc. No. 16)).

5. 3:21-cv-741 *Silva v. 13 Management, et al.* (RICO) filed 9/27/2021 (case dismissed 10/20/2021 upon review pursuant to 28 U.S.C. § 1915(e)(2)(B) because Silva's claims are barred by res judicata and, therefore, fail to state a claim upon which relief may be granted and warning Silva that continued abuse of the legal process by filing frivolous lawsuits may result in sanctions) (Doc. No. 6)).

### B. Silva's Litigation History against Federal Judges

All of the defendants in the instant action are federal judges whom he claims violated his civil rights in connection with their rulings in his various lawsuits or their management of his cases. (*See* Doc. No. 5 at 10–12.) This is not the first action in which Silva has included judges among the defendants in his lawsuits because of dissatisfaction with their rulings.

For example, Silva sued federal two federal judges from the Middle District of Florida—the Honorable Timothy J. Corrigan and the Honorable Marcia Morales.[9] Silva's claims in that action were premised upon the judges' rulings in cases before them brought by Silva, and were dismissed as barred by judicial immunity. (Middle District of Florida Case No. 3:20-cv-1343, Doc. No. 7.)

In the Northern District of Florida, Silva sued five judges from the district asserting claims against them based upon their rulings in prior lawsuits he filed against Taylor Swift, James Baldridge, and TAS Management, LLC. After the magistrate judge recommended that the case be dismissed for failure to state a claim because the defendant judges were immune from suit and

---

[9] In addition, Silva sued Taylor Swift and Attorney James Baldridge, which claims were barred by the injunction entered in Northern District of Florida Case No. 4:19-cv-286.

5

his claims against them were frivolous, Silva voluntarily dismissed the action. (*See* Northern District of Florida Case No. 4:21-cv-95, Doc. Nos. 8, 10.)

In Case No. 3:20-cv-810 in the Middle District of Tennessee, Silva sued a state court judge and the Honorable Judge Robert L. Hinkle (who issued the injunction against Silva in the Northern District of Florida). After admonishing Silva against threatening the court (Doc. No. 9 at 2), the court dismissed Silva's complaint against Judge Hinkle because the defendant judges are absolutely immune from suit (Doc. No. 14 at 6–7).

And in another case in the Middle District of Tennessee, Silva claimed that Judge Eli J. Richardson, Judge Joe Binkley, and Judge William L. Campbell, Jr., engaged in misconduct while presiding over Silva's legal cases. These claims were dismissed for failure to state a plausible claim because judges are absolutely immune from suit for actions taken when performing their judicial functions. (*See* Middle District of Tennessee Case No. 3:21-cv-505 (Doc. No. 16 at 3–4).)

### C. Silva's Litigation Conduct

In addition to lacking merit, all of Silva's lawsuits are marked by various forms inappropriate conduct by plaintiff, including harassment of defendants, threats to defendants and the court, disregard for and disobedience of court orders, profane language, ad hominen attacks, and numerous and rambling filings that consumed vast amounts of limited judicial resources and detracted from the orderly and efficient disposition of these meritless lawsuits.

A judicial officer in the Middle District of Tennessee presiding over one of Silva's numerous meritless lawsuits summarized Silva's "troubling and contumacious behavior" in connection with his litigation history in the Middle and Northern Districts of Florida as follows:

> The judges presiding over these cases catalogued an extensive array of Plaintiff's troubling and contumacious behavior, including numerous unnecessary filings; use of pervasive insults, profane language and other personal attacks on Ms. Swift and others; rambling submissions with no applicability to matters before the court; submissions containing discussions of Plaintiff's personal life and inappropriate thoughts regarding Ms. Swift; and improper and harassing communications and other behavior towards the defendants and their counsel. *See Silva*, 2020 WL 5523400, at *1-4. Notably, after the court entered a protective order, Plaintiff "willfully and egregiously" violated it "by driving from Florida to Tennessee in an attempt to make contact with Taylor Swift." *Id*. at *4. (Doc. 66 at 6). The court found that Plaintiff "drove to the home of Swift's mother . . . and delivered a package containing a cell phone, a photograph, a stuffed animal, and a letter addressed to Swift, inviting her to text him." *Id*. Moreover, Plaintiff sent eleven emails to defense counsel stating these plans and requesting that they facilitate his contact with Ms. Swift, and Plaintiff later stated that he would continue to violate the court's order. *Id*. Plaintiff ultimately admitted in a filing that his lawsuits were "psychological warfare against Swift." *Id*.
>
> Plaintiff then filed suit in the Northern District of Florida, adding claims concerning the handling of his cases in the Middle District. After a magistrate judge recommended that Plaintiff's first complaint be dismissed on the grounds of res judicata and improper "judge shopping," Plaintiff accused the magistrate judge of violating criminal laws and withdrew the complaint. *See Silva v. Baldridge*, No. 4:19-cv-290-AW/CAS (N.D. Fla. June 21, 2019). Plaintiff filed a second case containing an array of civil and criminal claims (including RICO claims) against Ms. Swift and multiple other defendants. *Silva v. Swift*, No. 4:19-cv-286-RH/MJF (N.D. Fla. June 21, 2019); *see also Silva*, 2020 WL 5523400, at *6. In June 2020, the court dismissed the complaint and sanctioned Plaintiff by enjoining him from filing "any lawsuit, petition, motion, or other claim against the defendants Taylor Alison Swift, TAS Rights Management LLC, or James Douglas Baldridge . . . unless the complaint initiating the lawsuit, petition, motion, or other claim is signed by an attorney." *Silva v. Swift*, No. 4:19CV286-RH-MJF, 2020 WL 3287884, at *1-2 (N.D. Fla. June 18, 2020). The court ordered that the injunction was "not limited to the Northern District of Florida"; applied to Plaintiff's activity "in any court"; and included potential criminal penalties including imprisonment. *Id*.

(Middle District of Tennessee Case No. 3:21-cv-741, Doc. No. 6 at 5–6.)

Silva's lawsuits proceeded from district courts in Florida to the Middle District of Tennessee, where he brought similar frivolous lawsuits against Taylor Swift and those

7

associated with her and continued to engage in inappropriate conduct in connection with those lawsuits. For example, the judicial officer presiding over Case No. 3:20-cv-810 noted a "trend of harassment" after Silva moved "his grudges to this Court," and struck from the record Silva's "troubling and gratuitous comments" about Taylor Swift which "unquestionably detract from the dignity of these proceedings" and "display a profound disrespect for the Court[,]" and referred Silva's filings to the U.S. Attorney for Middle District of Tennessee to "ensure that all appropriate parties are notified of the disposition of this case." (*See* Middle District of Tennessee Case No. 3:20-cv-810, Doc. No. 14 at 2–3.) And in Case No. 3:21-cv-480, the judicial officer referred Silva's filings to the Northern District of Florida for consideration of possible violations of the injunction entered against him and warned Silva that further vexatious conduct may subject him to sanctions. (*See* Middle District of Tennessee Case No. 3:21-cv-480, Doc. No. 10 at 2.)

Against this collective background, the Court analyzes Silva's motion to proceed in forma pauperis.

## ANALYSIS

### A. Silva's Motion to Proceed In Forma Pauperis

In his application to proceed in forma pauperis, Silva states that he has an average monthly income of $800.00 and no other assets. He indicates that he has no monthly expenses, and that his brother is taking care of him. (*See* Doc. No. 2.) Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States *may* authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor[.]" to 28 U.S.C. § 1915(a)(1) (emphasis added). The

8

Case 3:21-cv-00689   Document 10   Filed 04/13/22   Page 8 of 14 PageID #: 92

statute ensures that indigent persons may have some "meaningful access to the federal courts" without prepayment of court fees. *See Pointer v. Wilkinson*, 502 F.3d 369, 372 (6th Cir. 2007).

But Congress's desire to provide indigent persons with meaningful access to federal court does not provide indigent litigants with an unfettered right to repeatedly bring frivolous lawsuits at the taxpayer's expense. Proceeding in federal court without prepayment of fees is a privilege and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). Federal courts may deny a litigant the privilege of proceeding in forma pauperis when he abuses that privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. 180, 184, 109 S. Ct. 993, 103 L. Ed. 2d 158 (1989) (per curiam) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (Appellant's "history of unsubstantial and vexatious litigation is an abuse of the permission granted to him to proceed as a pauper in good faith under 28 U.S.C. § 1915(d).") (citing *In re McDonald*, 489 U.S. at 184). "The decision to grant or deny an application to proceed in forma pauperis lies within the sound discretion of the district court." *Flippin v. Coburn*, 107 F. App'x 520, 521 (6th Cir. 2004) (citing *Phipps v. King,* 866 F.2d 824, 825 (6th Cir. 1988)).

In most instances, Silva has been permitted to proceed without payment of the filing fee.[10] All of the lawsuits chronicled here brought by Silva against Ms. Swift and/or her associates have lacked merit. Similarly lacking in merit are all of Silva's lawsuits brought against the judges presiding over those cases.

Silva's repeated filing of frivolous and harassing lawsuits against Ms. Swift and her associates, and against defendants who are immune from suit, places a tremendous burden on the Court's limited resources and interferes with the Court's ability to provide litigants with non-frivolous claims expeditious resolution of their cases. *See In re McDonald*, 489 U.S. at 184. Moreover, Silva's frivolous lawsuits have been marked by harassing, threatening, disrespectful, threatening, and contumacious behavior demonstrating bad faith and an abuse of the judicial process.

When a litigant abuses the privilege of proceeding in forma pauperis by repeatedly filing frivolous lawsuits and/or engaging in bad faith conduct, sanctions are appropriate and federal courts have the inherent power to impose appropriate sanctions to deter future frivolous, harassing or duplicative lawsuits. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–

---

[10] On some occasions, Silva has outright paid the filing fee (M.D. Fla. Case No. 3:18-cv-688; M.D. Fla. Case No. 3:19-cv-354). In other cases, his motion to proceed as a pauper was denied. In one of the cases where his motion was denied, the court called into question Silva's inability to pay the filing fee when Silva indicated on his application to proceed in forma pauperis that he did not own real property, but the court took "[j]udicial notice … that Daniel Silva owns residential property in Greensboro, North Carolina, and has owned that property since February 5, 2015. Additionally, Daniel Silva owns residential property in Winston Salem, North Carolina, and has owned it since February 2, 2006." (N.D. Fla. Case No. 4:21-cv-24 (Doc. No. 2 at 3; Doc. No. 14 at 5).) In addition to Silva's well-documented abuses of the judicial process, Silva may have also deceived the court with respect to his claimed inability to pay the filing fee. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) ("Reneer has filed seventeen prior cases in the district court, and at least nine appeals to this court. These were largely frivolous claims. Moreover, he has deceived the courts as to his ability to pay in the past. We believe that the district court's determination that Reneer abused his permission to file as a pauper, and that this situation required abatement, was well within its discretion.").

45, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991) (courts have the inherent power to manage their own affairs to achieve the orderly and expeditious disposition of cases and to fashion appropriate sanctions for conduct which abuses the judicial process) (citations omitted); *see also First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 513–14 (6th Cir. 2002) (courts possess inherent authority to sanction bad-faith conduct without regard to whether such conduct could be sanctioned under other applicable rules or statutes). Appropriate sanctions may include denying an application to proceed in forma pauperis and/or imposing prefiling restrictions (such as denying the privilege of proceeding in the future as a pauper) on an individual with a history of repetitive and vexatious litigation and abuse of the judicial process, *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996) (affirming monetary sanction and permanently enjoining plaintiff "from filing any civil lawsuit alleging or asserting factual or legal claims based upon or arising out of the legal or factual claims alleged in this action or any of the actions underlying it without first obtaining certification from a United States Magistrate Judge that the claim or claims asserted are not frivolous and that the suit is not brought for any improper purpose"); *Reneer v. Sewell*, 975 F.2d 258, 260–61 (6th Cir. 1992) (affirming district court's judgment ordering that future in forma pauperis motions filed by appellant be denied where appellant's 17 prior cases involved largely frivolous claims) (citing among authority *Maxberry*, 879 F.2d at 224).

The Court has a responsibility to ensure that the federal judiciary's resources are allocated in a manner that advances the interests of justice. Given Silva's extensive and well-

11

Case 3:21-cv-00689   Document 10   Filed 04/13/22   Page 11 of 14 PageID #: 95

documented history of frivolous litigation and abuse of the judicial process in the Northern and Middle Districts of Florida, and in the Middle District of Tennessee, the Court finds that Silva has abused the privilege of proceeding as a pauper and will not be permitted to do so in this case.

## B. Additional Sanctions for Future Frivolous and Abusive Litigation and Conduct

Silva has been previously warned on multiple occasions that lawsuits against Ms. Swift and related individuals and entities, and against judges assigned to those cases, are frivolous, harassing, threatening, and abusive and may result in sanctions. Silva is again cautioned that if he continues to file frivolous litigation against Ms. Swift and related individuals and entities, and/or against the judicial officers presiding over those lawsuits, and/or continues to engage in threatening, harassing, or contumacious conduct, he may be subject to additional sanctions in order to deter future frivolous and abusive litigation and conduct which may include, but are not limited to:

(1) enjoining Silva from filing future actions unless accompanied by the appropriate filing fee (*see Reneer*, 975 F.2d at 260–61 (affirming district court's prospective order that the Clerk of Court return any complaints or petitions filed by appellant be returned by the Clerk unless accompanied by the filing fee); *Bridgeman v. City of Bedford Heights*, Case No. 1:19-cv-3002, 2020 WL 1930116, at *6 (N.D. Ohio Apr. 21, 2020) ("Bridgeman's filing of two meritless lawsuits in connection with her employment with the City of Bedford Heights is incompatible with the privilege of proceeding in forma pauperis. … The Court concludes that continuing to allow Bridgeman to proceed in forma pauperis with lawsuits regarding her employment with the City of Bedford Heights does not promote the use of Court resources

12

in the interest of justice. *See Maxberry*, 879 F.2d at 224. Accordingly, in the future, Bridgeman will not be permitted to file another action regarding her employment with the City of Bedford Heights without payment of the full filing fee.");

(2) enjoining Silva from filing a lawsuit, petition, motion, or other claim against a federal judicial officer unless signed by an attorney (*see Silva v. Swift*, No. 4:19-cv-286, 2020 WL 3287884, at *2 (N.D. Fla. June 18, 2020) ("The plaintiff Daniel James Silva must not file any lawsuit, petition, motion, or other claim against the defendants Taylor Alison Swift, TAS Rights Management LLC, or James Douglas Baldridge, in any court, unless the complaint initiating the lawsuit, petition, motion, or other claim is signed by an attorney."); *see also Dixon v. Deutsche Bank Nat. Tr. Co.*, 360 F. Appx 703, 704 (8th Cir. 2010) (affirming district court's order enjoining "Dixon from filing any further lawsuits in the district court unless the pleadings are signed, pursuant to Federal Rule of Civil Procedure 11, by an attorney admitted to the court, or a judicial officer has authorized the filing of such pleadings in advance. In these circumstances, we believe it is appropriate to modify the injunction so that it prohibits Dixon, absent compliance with the listed requirements, from filing in the district court any further lawsuits related to the mortgage or foreclosure on his property.") (citing *Cromer v. Kraft Foods N. Am., Inc.,* 390 F.3d 812, 817–19 (4th Cir. 2004); *Safir v. U.S. Lines, Inc.,* 792 F.2d 19, 25 (2d Cir. 1986));

(3) imposing a monetary sanction of double the filing fee for each lawsuit Silva files against federal judges on the grounds the he believes their rulings were incorrect, biased, or that they otherwise improperly oversaw any of his cases, and prohibiting Silva from filing additional litigation should monetary sanctions imposed remain unpaid (*see Flint v. Chauvin*,

13

3:15-cv-381, 2016 WL 915274, at *5–7 (W.D. Ky. Mar. 4, 2016) ("'To make the sanction effective and thereby protect the processes of a court from abuse, a litigant against whom ... sanctions have been imposed must comply with those sanctions before being permitted to pursue new matters in that court.'") (quoting *Schiff v. Simon & Schuster, Inc.*, 766 F.2d 61, 62 (2d Cir. 1985) (per curiam) and citing *Hyland v Stevens*, 37 F. App'x 770, 771–72 (6th Cir. 2002) ("[Plaintiff] is hereby barred from filing any new civil matter or appeal therefrom in this court or any court subject to this court's jurisdiction until he has paid the sanction imposed in [a previous case].")), *aff'd,* No. 16-5286, 2016 WL 11104865 (6th Cir. Sept. 14, 2016)).

## CONCLUSION

For all of the foregoing reasons, Silva's application to proceed in forma pauperis is DENIED. Silva shall pay the full filing fee in the amount of $402.00 by May 13, 2022, or this action will be dismissed for failure to prosecute.

**IT IS SO ORDERED**.

Dated: April 13, 2022

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

14