UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DANIEL JAMES SILVA, | ) | CASE NO. 3:21-cv-689 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MARVIN E. ASPEN, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On April 13, 2022, the Court denied the application of plaintiff Daniel James Silva ("Silva") to proceed with this matter *in forma pauperis* and ordered Silva to pay the filing fee of $402.00 by May 13, 2022, or this action would be dismissed for failure to prosecute. *See Silva v. Aspen*, No. 3:21-cv-689, 2022 WL 1109440 (M.D. Tenn. Apr. 13, 2022). The public docket in this matter reflects that the Court's order was mailed to Silva at his address of record on April 13, 2022. The date for Silva to comply with the Court's Order has passed. There is no indication on the docket that the Court's mailing was returned as undeliverable, or that Silva responded in any way to the Court's Order.

Fed. R. Civ. P. 41(b) gives the Court authority to *sua sponte* "'dismiss a case for failure of the plaintiff to prosecute or to comply with these rules or any order of the court.'" *Nye Cap. Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012) (affirming the district court's *sua sponte* dismissal of a claim for failure to prosecute) (internal quotation marks omitted) (quoting *Knoll v. Am. Tel. & Tel. Co.,* 176 F.3d 359, 362–63 (6th Cir. 1999) (quoting Fed. R. Civ. P. 41(b))); *Carpenter v. City of Flint*, 723 F.3d 700,

704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute.") (citations omitted).

When determining whether to dismiss a case for failure to prosecute, the Court considers the following factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll,* 176 F.3d at 363).

The first factor weighs in favor of dismissal. Although proceeding *pro se*, Silva is frequent litigator in federal courts across multiple jurisdictions, as outlined in the Court's Order, and is experienced in receiving and responding to court orders. *See Silva*, 2022 WL 1109440, at *1–3. Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). The Court's Order clearly stating what was required of Silva and when it was required, was mailed to Silva at his address of record that same date. The mailing has not been returned to the Court as undeliverable nor did Silva respond in any way. Therefore, the Court concludes that Silva's failure to adhere to the Court's requirements and deadlines in order to proceed with the prosecution of this matter is attributable to Silva's willfulness and fault.

The second factor weighs against dismissal as defendants have not been served and, therefore, have not been prejudiced by Silva's failure to prosecute this action.

The third factor, like the first, clearly weighs in favor of dismissal. Silva failed to comply with the Court's order regarding the requirements to proceed with the prosecution of this action despite being specifically warned that non-compliance would result in dismissal.

As to the fourth factor, the Court concludes that an alternative sanction would not be effective in securing Silva's compliance with the requirements necessary to proceed with the prosecution of this matter. It appears that (at least in some cases) Silva has the ability to pay the filing fee,[1] but is also no stranger to dismissal of his litigation for failure to prosecute when a federal judicial officer denied his motion to proceed *in forma pauperis* and required him to pay the filing fee[2] and for other reasons.[3] Moreover, as chronicled in the Court's Order, Silva's history of contumacious conduct demonstrates a profound disrespect for the federal courts and judicial process. *See Silva*, 2022 WL 1109440, at *4–5. Therefore, if the Court's warning to Silva that his case would be dismissed if he failed to pay the filing fee was insufficient to secure compliance, any attempt to prod Silva into compliance through the imposition of a lesser sanction would be futile.

The Court concludes that consideration of all four factors weigh in favor of dismissal pursuant to Rule 41(b) as a consequence of Silva's failure to comply with the requirements

---

[1] *See* M.D. Florida Case No. 3:18-cv-688 (*Silva v. TAS Rights Management, LLC*); M.D. Florida Case No. 3:19-cv-354 (*Silva v. TAS Rights Management, LLC*); and N.D. Florida 4:19-cv-286 (*Silva v. Swift, et al.*).

[2] *See* N.D. Florida Case No. 4:21-cv-24 (*Silva v. Venable LLP, et al.*).

[3] M.D. Florida Case No. 3:17-cv-292 (*Silva v. Swift*) (case dismissed without prejudice when Silva filed a motion to dismiss in response to an order to show cause why the case should not be dismissed for failure to prosecute).

3

of the Court's Order to proceed with this action. Accordingly, this case is dismissed pursuant to Rule 41(b).

Involuntary dismissal for failure to prosecute under Rule 41(b) operates as an adjudication on the merits unless otherwise stated by the Court. For the reasons discussed below, the Court concludes that dismissing this action with prejudice for failure to prosecute, as provided by Rule 41(b), is appropriate. *See* Fed. R. Civ. P. 41(b).

This matter is the fifth lawsuit that Silva has brought against judges concerning his dissatisfaction with their rulings and/or case management in his various lawsuits. *See Silva*, 2022 WL 1109440, at *3–4. Indeed, four of the six defendant judges in this action are among those judges sued by Silva in those earlier cases.[4] Three of the four prior lawsuits were dismissed on the basis of judicial immunity and one of the four was voluntarily dismissed by Silva after the magistrate judge recommended that the case be dismissed on the basis of judicial immunity. *See id.*

The instant action constitutes another repetitive lawsuit brought by Silva against judicial officers overseeing his cases and demonstrates bad faith, an abuse of the judicial process, and waste of limited judicial resources.[5] Under these circumstances, the Court concludes that dismissing this action with prejudice for failure to prosecute, as provided by Rule 41(b), is appropriate. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629, 82 S. Ct. 1386, 8 L.

---

[4] Silva twice before sued Judge Robert Hinkle in M.D. Tenn. Case No. 3:20-cv-810 and in N.D. Florida Case No. 4:21-cv-95. And Silva previously sued Judge Eli Richardson, Judge Joe Binkley, and Judge William Campbell in M.D. Tenn. Case No. 3:21-cv-505.

[5] Silva's repetitive filing of lawsuits against judicial officers in this action parallels the pattern of frivolous litigation and abuse of the judicial process by Silva in his numerous lawsuits against Ms. Swift and her associates. *See Silva*, 2022 WL 1109440, at *4–5.

Ed. 2d 734 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.") (citation omitted); *see also Mulbah v. Detroit Bd. of Educ.,* 261 F.3d 586, 590–91 (6th Cir.2001) (recognizing strong public policy interests in "the court's need to manage its docket" and "in expeditious resolution of litigation" even where the dismissal under Rule 41(b) was with prejudice).

Accordingly, this action is dismissed with prejudice. This case is closed.

**IT IS SO ORDERED**.

Dated: May 20, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**